IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ZULEMA CHAVEZ                                                                                    PLAINTIFF

v.                                            Case No. 5:14-CV-05337

EDGAR MONTES; JALISCO GROUP, INC.
d/b/a LA HUERTA; JOHN DOES 1-5; and
ABC COMPANIES 1-5                                                                           DEFENDANTS

## OPINION AND ORDER

Now pending before the Court are Defendants' Motion to Dismiss (Doc. 10) and brief in support (Doc. 11) and Plaintiff's Response (Doc. 16). A hearing on the Motion was held on February 20, 2014, and the Court **DENIED** the Motion from the bench. This Order seeks to clarify the Court's rulings on the Motion. To the extent anything in this Order differs from what was announced in open Court, this Order will control.

Defendants jointly sought dismissal of Plaintiff's Amended Complaint (Doc. 8) pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), due to an alleged lack of federal jurisdiction. The Amended Complaint asserts that Plaintiff, a former server for Defendant La Huerta restaurant in Fayetteville, Arkansas, was denied minimum wages and overtime compensation by her employers in violation of the Fair Labor Standards Act ("FLSA"), as codified at 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, as codified at Ark. Code Ann. § 11-4-201, *et seq.* Plaintiff also makes claims for unjust enrichment and conversion due to Defendants' alleged misappropriation of her tips. She maintains that as a server, she had to rely solely on customers' tips and was never paid overtime despite regularly working over 60 hours per week.

Defendants argue that Plaintiff has failed to plead sufficient facts to show that she may properly bring an FLSA claim either based on her individual status as an employee, due to the nature of her job functions as described in § 207(a)(1) of the statute, or based Defendants qualifying as an "enterprise" covered by the statute as per § 203(s)(1)(A).

As an initial matter, the Court finds that the question of FLSA coverage is not a jurisdictional inquiry properly brought pursuant to Rule 12(b)(1), but is more appropriately characterized as a motion to dismiss pursuant to Rule 12(b)(6). Section 1331 of Title 28 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As Plaintiff's claims arise under federal law pursuant to the FLSA, the minimum threshold for jurisdictional purposes has been met for purposes of Rule 12(b)(1). Plaintiff has pleaded a colorable claim arising under the laws of the United States and therefore has invoked § 1331 jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (finding employee-numerosity requirement in Title VII case was not a jurisdictional prerequisite but an element of the claim); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160 (2010) (explaining the distinction between jurisdictional conditions, which relate to a court's adjudicatory authority, and non-jurisdictional limitations on causes of action); *Chao v. Hotal Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (finding the dollar-restrictions explained in section 203(s)(1) of the FLSA to be an element of the claim, not a jurisdictional requirement).

The Court will instead evaluate Defendants' Motion pursuant to Rule 12(b)(6), which requires that the Court accept as true all factual allegations set forth in the Amended Complaint and construe the pleadings in the light most favorable to Plaintiff, drawing all

inferences in Plaintiff's favor. *See Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the Court finds that Plaintiff pleaded sufficient facts regarding both individual and enterprise liability pursuant to the FLSA to survive dismissal. Moreover, the parties have not yet engaged in discovery, and questions as to the nature and extent of Defendants' involvement with interstate commerce or their annual gross volume of sales are known, at this point, only to Defendants. Detailed facts concerning the characterization of Plaintiff's role at La Huerta restaurant, her precise job description and daily duties, as well as her employers' expectations of her in comparison to other servers may be uncovered in the course of discovery. If Defendants find, after an adequate time period for discovery has passed, that they would like to renew the instant Motion as a motion for summary judgment pursuant to Rule 56, such may be appropriate. At this time, however, dismissal of the Amended Complaint would be premature.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **DENIED**. A Case Management Order setting forth a trial date, and other deadlines will issue separately.

**IT IS SO ORDERED** this 23rd day of February, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3