**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ZULEMA CHAVEZ** **PLAINTIFF**

**v.** **Case No. 5:14-CV-05337**

**EDGAR MONTES; JALISCO GROUP, INC. d/b/a LA HUERTA; JOHN DOES 1-5; and ABC COMPANIES 1-5** **DEFENDANTS**

**OPINION AND ORDER**

Now pending before the Court are Plaintiff Zulema Chavez's Motion to Strike Affirmative Defenses (Doc. 22) and brief in support (Doc. 23); Defendants' Response (Doc. 24); and Plaintiff's Reply (Doc. 27). Also before the Court are Defendants' Motion for Protective Order (Doc. 28) and brief in support (Doc. 29) and Plaintiff's Response (Doc. 30). For the reasons described herein, the Motion to Strike (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Protective Order (Doc. 28) is **DENIED**. The Court will address each Motion in turn.

**I. MOTION TO STRIKE (DOC. 22)**

Plaintiff contends that Defendants failed to properly plead sufficient facts in support of affirmative defenses 4, 11, 12, 13, and 14.[1] In evaluating Plaintiff's Motion, the Court observes that it enjoys liberal discretion to strike pleadings pursuant to Federal Rule of Civil Procedure 12(f). *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor

[1] Plaintiff originally contemplated striking affirmative defenses 9 and 10, as well. *See* Doc. 22, p. 2. However, Plaintiff makes clear in her Reply (Doc. 27, pp. 2, 10) that defenses 9 and 10 are no longer among those she requests to strike.

and are infrequently granted.'" *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229.

Rule 8(c), which pertains to affirmative defenses, only requires that they be "state[d]," and nothing more. The heightened pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2009), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), do not appear to apply to affirmative defenses. Moreover, "[i]mposing a heightened standard on a defendant to plead facts showing 'plausibility' of the affirmative defenses seems unreasonable in light of the time frame the defendant has to respond to the complaint." *Ash Grove Cement Co. v. MMR Constructors, Inc.*, 2011 WL 3811445, *2 (W.D. Ark. Aug. 29, 2011).

The Eighth Circuit has previously held—in the context of pleading an affirmative defense based on a statute of limitations—that "it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion*." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (internal quotations and citations omitted) (emphasis in original). In light of this authority, the Court surmises that striking an affirmative defense would be appropriate only if the moving party could demonstrate that the defense was immaterial, implausible, and/or wholly unrelated to the claims at issue in the lawsuit.

With this standard of review in mind, the Court begins its analysis by considering Defendants' fourth affirmative defense, which argues that Plaintiff's claims are barred in

whole or in part to the extent her work falls within exemptions or exceptions provided under the Fair Labor Standards Act ("FLSA"). Defendants' theory of the case is that Plaintiff worked as an independent contractor, not an employee, and thus was exempt from the FLSA's coverage. This affirmative defense, therefore, appears to be relevant and plausible and will not be stricken.

The eleventh affirmative defense asserts good faith, which, if proven, may allow an employer to avoid an award of liquidated damages in an FLSA case. In order to show good faith, however, the employer must demonstrate that it had reasonable grounds for believing that it complied with the FLSA. *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008). "To carry his burden, a defendant employer must show that he took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions." *Id.* at 942 (citation omitted). As the good-faith defense still appears relevant and plausible here, it will not be stricken.

The twelfth affirmative defense states that Plaintiff's claims are barred in whole or in part by the doctrines of release, waiver, deduction, setoff, estoppel, and unclean hands. Defendants voluntarily withdrew (Doc. 24, p. 10) the defenses of release and waiver, and Plaintiff in her reply brief (Doc. 27, pp. 9-10) asked only that the defenses of estoppel and unclean hands be stricken. Plaintiff argues—and Defendants agree in their response brief—that the estoppel defense is only available in the FLSA context when an employee affirmatively misleads the employer regarding the number of hours she worked or falsifies her time card, such that her employer would have no way to know the actual number of hours she worked. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324 (5th Cir. 1972) (finding an employee "was estopped and could not profit from her own wrong in furnishing

false data to the employer"). Estoppel is not otherwise a proper defense to a wage-and-hour claim, as an employee's right to a minimum wage and to overtime pay under the FLSA is not waivable. *See Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) ("It is well established that FLSA rights are statutory and cannot be waived.").

Here, Defendants do not allege, either in their Answer or in their briefing in response to the Motion to Strike, that Plaintiff improperly reported her hours or falsified her time cards. At this early stage of the litigation, the Court is unable to state definitely that the twelfth affirmative defense could not succeed under any circumstances. Therefore, the Court will decline to strike this affirmative defense at this time and will instead allow Defendant the opportunity to amend and more fully state a factual basis for it no later than June 26, 2015. If no amendment is filed by that time, the defense will be stricken.

As for unclean hands, which is also listed in the twelfth affirmative defense, Defendants suggest that this defense is relevant because Plaintiff "accepted payment" from Defendants in the manner she did "for more than a decade." (Doc. 24, p. 10). Unlike the affirmative defense of estoppel, the Court finds Defendants' explanation and justification for the defense of unclean hands to be wholly implausible, particularly in light of the fact that the right to a minimum wage cannot be waived, and an employee's subjective belief as to her status as either an employee or independent contractor is immaterial to the question of liability under the FLSA. *See Brock v. Mr. W Fireworks, Inc.*, 545 F.3d 338, 345 (5th Cir. 1987) ("There is neither a logical nor legal nexus between the operators subjective desires regarding their preferred method of payment and a finding of their employment status. Subjective beliefs cannot transmogrify objective economic realities."). The defense of unclean hands is stricken.

The thirteenth affirmative defense states that Plaintiff's damages, if any, resulted in whole or in part from her own action, inaction, conduct, or performance. Defendants theorize that Plaintiff held herself out to be an independent contractor through her own action, conduct, or performance. The factual basis for this affirmative defense is unclear to the Court. Even if Plaintiff believed herself to be an independent contractor, the Court finds it difficult to comprehend how her actions, conduct, or even inaction could somehow result in the waiver of her statutory right to be paid a minimum wage and overtime, if the nature of her job was such that she was, indeed, an employee. The Court will allow Defendants leave to amend this affirmative defense to more fully state its basis no later than June 26, 2015. If no amendment is filed by that time, the defense will be stricken.

The fourteenth affirmative defense states that Plaintiff's damages, if any, are limited or capped as defined in the FLSA and the Immigration Reform and Control Act ("IRCA") of 1986. Plaintiff correctly states that an individual's immigration status does not preclude the recovery of damages under the FLSA. *Lucas v. Jerusalem Cafe*, LLC, 721 F.3d 927, 936 (8th Cir. 2013) ("Exempting unauthorized aliens from the FLSA would frustrate the purposes of the [IRCA], for unauthorized workers' acceptance of jobs on substandard terms as to wages and working conditions can seriously depress wage scales and working conditions of citizens and legally-admitted aliens."). Defendants cite the Court to *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002), for the proposition that a possible exception to the rule exists, and immigration status could potentially cap damages in a wage-and-hour case; however, it appears *Hoffman* is inapposite to the FLSA context, as the case concerned claims for lost wages pursuant to the National Labor Relations Act, not

the FLSA. As IRCA will not cap damages in the case at bar, the fourteenth affirmative defense is immaterial and implausible and will be stricken.

Considering the Court's analysis above, the Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.

## II. MOTION FOR PROTECTIVE ORDER (DOC. 28)

Defendants move for a protective order pursuant to Rule 26(c), for the purpose of avoiding "annoyance, embarrassment, oppression, or undue burden or expense" due to Plaintiff's request to inspect, photograph, diagram, and collect information about all areas where Plaintiff performed work inside the restaurant, including but not limited to the areas where Defendants' customers were served or paid their bills, the cash register and POS system, the kitchen and any other food preparation and pick-up areas, the bar, and the office. Rule 26(b) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." It follows, therefore, that if Plaintiff's request to inspect Defendants' premises is calculated to lead to the discovery of admissible evidence, the protective order should be denied.

Defendants are concerned that Plaintiff's counsel should not be allowed to enter the premises and perform an inspection, since La Huerta is "an active restaurant with a functioning kitchen." (Doc. 29, p. 4). Further, Defendants maintain "[i]t is not safe or hygienic to have persons inspecting the kitchen of an active restaurant." *Id.* Defendants cannot fathom how the physical inspection and photographing of the restaurant will lead to any admissible evidence.

Plaintiff responds that her counsel is willing to accommodate Defendants' preferences regarding the timing of the inspection so as not to interfere with the operation of the restaurant, as well as wear any protective clothing provided in order to insure proper hygiene. Further, Plaintiff avers that the inspection could easily be completed within an hour.

The Court finds that the legal issue central to this case, namely, whether Plaintiff was an independent contractor or an employee subject to the FLSA's wage-and-hour requirements, will involve the accumulation of facts relevant to show whether and how Defendants controlled the manner in which Plaintiff performed her work. Plaintiff's counsel should therefore be permitted to observe and photograph the layout of the restaurant, the number of tables, the potential customer capacity, the various work stations, the equipment Plaintiff used, and the proximity of Plaintiff's work stations to the restaurant's managerial offices. The information gathered in the inspection may reasonably lead to the discovery of admissible evidence. The Motion for Protective Order is therefore **DENIED**.

## III. CONCLUSION

The Motion to Strike (Doc. 22) is **GRANTED IN PART AND DENIED IN PART** as follows: (1) affirmative defense 12—as it relates to unclean hands—is **STRICKEN**; (2) affirmative defense 14 is **STRICKEN**; (3) affirmative defense 12—as it relates to estoppel—and affirmative defense 13 are **NOT STRICKEN AT THIS TIME**; instead, Defendants have until June 26, 2015, to amend these defenses to more fully state their factual bases, or they will be stricken; and (3) all other affirmative defenses that have not been voluntarily dismissed by Defendants remain **NOT STRICKEN AT THIS TIME**.

The Motion for Protective Order (Doc. 28) is **DENIED**. Defense counsel and Plaintiff's counsel are to cooperatively agree upon a time and date whereby Plaintiff's

counsel may enter and inspect the premises where Plaintiff was employed. Such inspection should take place prior to July 9, 2015.

**IT IS SO ORDERED** this 5th day of June, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE